IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DERRICK ANGLO,** | * | |
| **Plaintiff,** | * | |
| v. | * | Civ. No. DLB-25-1113 |
| **MIDLAND CREDIT MANAGEMENT, INC.,** *et al.*, | * | |
| **Defendants.** | * | |

**MEMORANDUM OPINION**

Derrick Anglo, who is proceeding without counsel, has sued Midland Credit Management, Inc. ("Midland") and several of its attorneys, asserting claims relating to the defendants' conduct in a state court debt collection action. The defendants moved to dismiss for failure to state a claim. For the following reasons, the motion to dismiss is granted.

I.  **Background**

On April 3, 2025, Derrick Anglo filed an action against Midland and several of its attorneys, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Maryland Consumer Protection Act ("MCPA"), Md. Com. Law § 13-101 *et seq.*, fraud on the court, and legal malpractice and negligence associated with the defendants' actions in a state court debt collection action. ECF 2. When Anglo filed the action, the state court debt collection action against him was ongoing. *See Midland Credit Mgmt., Inc. v. Anglo* (Prince George's Cnty. Cir. Ct. No. C-16-CV-25-003774; Prince George's Cnty. Dist. Ct. No. 05-02-00222-70-2021) ("state court action"). In his action here, Anglo alleged that, in the state court action, the defendants "knowingly submitted a false affidavit of service" that contained "fabricated details, falsely claiming that Plaintiff was served at a residence where he did not reside and by an

individual who does not exist." ECF 2, ¶¶ 9, 10. Anglo claimed that "[t]he Maryland court system was defrauded and manipulated into issuing an illegitimate judgment [against Anglo] based on this false information." *Id.* ¶ 12. The defendants filed a motion to dismiss Anglo's complaint. ECF 8. In response, Anglo filed an amended complaint, ECF 16, this time alleging violations of the FDCPA and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, fraud on the court, and abuse of process. Anglo made no factual allegations in his amended complaint. Midland then filed a motion to dismiss the amended complaint, ECF 19, which is fully briefed, ECF 19-1, 27, 31. Anglo filed a motion for sanctions, ECF 26, which also is fully briefed, ECF 28, 30. Anglo also filed a notice of intent to introduce evidence of Midland's "regulatory enforcement history and financial condition to establish punitive damages and sanctions." ECF 32, at 5.

On November 10, 2025, Anglo informed the Court that Midland had filed a motion to vacate the default judgment in the state court case, which was granted. ECF 33, at 1. Anglo also notified the Court that his appeal for a new trial was granted, that a new trial was held in the Circuit Court for Prince George's County, and that Anglo "ultimately prevailed." *Id.* at 1–2. Two days later, the Court issued an order directing the parties to submit status reports on the state court proceedings. ECF 34. The parties complied. ECF 35, 36. Anglo also submitted a response to the defendants' status report. ECF 37. No hearing on the pending motions is necessary. *See* Loc. R. 105.6 (D. Md. 2025).

II.     **Standard of Review**

The defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6), a party may seek dismissal for failure "to state a claim upon which relief can be granted." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)). To survive the challenge, the opposing party must have pleaded facts

2

demonstrating it has a plausible right to relief from the Court. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is more than merely conceivable or speculative. *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022). The allegations must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678). But the claim does not need to be probable, and the pleader need not show "that alternative explanations are less likely" than their theory. *Jesus Christ Is the Answer Ministries, Inc. v. Baltimore Cnty.*, 915 F.3d 256, 263 (4th Cir. 2019) (quoting *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015)).

When ruling on a Rule 12(b)(6) motion, the Court must accept the allegations as true and draw all reasonable inferences in favor of the pleader. *Williams v. Kincaid*, 45 F.4th 759, 765, 777 (4th Cir. 2022). But the Court does not accept "legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (quoting *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013)). Merely reciting a claim's elements "and supporting them by conclusory statements does not meet the required standard." *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021) (quoting *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 212 (4th Cir. 2019)). The Court "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)).

Complaints drafted by self-represented plaintiffs like Anglo "are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe

pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" the Court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a pro se complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016)).

### III. Discussion

#### A. Midland's motion to dismiss

Midland argues Anglo has failed to state a claim for relief. Even though Anglo's amended complaint mooted his initial complaint and became the operative complaint, *see Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017), the Court will consider the allegations in both complaints for purposes of deciding the pending motion to dismiss.

In Count 1 of his amended complaint, Anglo alleges violations of the FDCPA, but he does not specify which sections of the Act he believes the defendants have violated. In his original complaint, Anglo alleged the defendants violated § 1692e "by making false, deceptive, and misleading representations" and § 1692g "by failing to validate the alleged debts before continuing collection efforts." ECF 2, ¶¶ 17, 18. In his amended complaint, Anglo alleges that the violation is "for false representations, improper legal actions, and abusive conduct." ECF 16, ¶ 1. To the extent Anglo intended to allege that the defendants violated § 1692g, Anglo has failed to state a claim because he has not alleged any facts supporting a violation of § 1692g in either complaint.

Giving Anglo the benefit of the doubt, the Court will assume he alleges the defendants violated § 1692e because he referred to that section in his original complaint. ECF 2, ¶ 17. Section 1692e bars debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" and lists 16 kinds of action as "a violation of this section." 15 U.S.C. § 1692e. Anglo does not identify which subsection of § 1692e he believes the defendants violated. Anglo also does not identify which "representation[s] or means" he alleges were "false, deceptive, or misleading." These deficiencies are fatal to his § 1692e claim. *See Koontz v. SN Servicing Corp.*, 133 F.4th 320, 328 (4th Cir. 2025) (affirming dismissal of § 1692e claim for failure to identify which subsection the defendants violated and failure to allege which representations or means were false, deceptive, or misleading). Thus, Anglo has failed to state an FDCPA claim. The claim is dismissed with prejudice.

In Count 2 of his amended complaint, Anglo asserts that the defendants violated the FCRA, but he does not specify a subparagraph. Anglo alleges that the defendants "report[ed] inaccurate information after the debt was disputed." ECF 16, ¶ 2. Section 1681s-2 is the only FCRA provision that deals with the obligations of entities that furnish information to credit reporting agencies ("CRAs"), but "[t]here is no private right of action under § 1681s-2(a)." *Lovegrove v. Ocwen Home Loans Servicing, L.L.C.*, 666 F. App'x 308, 313 (4th Cir. 2016) (citing 15 U.S.C. § 1681s-2(c), (d); *Saunders v. Branch Banking & Tr. Co.*, 526 F.3d 142, 149 (4th Cir. 2008)). Thus, the Court construes Anglo's FCRA claim as arising under § 1681s-2(b), which affords a private right of action against CRAs. To state a claim under § 1681s-2(b), the plaintiff must allege: "(1) that [they] notified the CRAs of the disputed information; (2) that the CRAs notified [the defendant] of the dispute; and (3) that [the defendant] then failed to investigate and modify the inaccurate information." *Davenport v. Sallie Mae, Inc.*, 124 F. Supp. 3d 574, 581 (D. Md.), *aff'd,* 623 F.

5

App'x 94 (4th Cir. 2015). Anglo does not allege any facts that plausibly state a claim under § 1681s-2(b). His FCRA claim is dismissed without prejudice.

In Count 3 of his amended complaint, Anglo alleges that the defendants committed fraud on the Court by "submitting knowingly false documentation and affidavits." ECF 16, at 2. In his original complaint, Anglo alleged that the defendants "knowingly submitted a false affidavit of service" that contained "fabricated details, falsely claiming that Plaintiff was served at a residence where he did not reside and by an individual who does not exist." ECF 2, ¶¶ 9, 10. In his amended complaint, Anglo does not include any factual allegations in support of his fraud on the court claim.

"Fraud on the court is not your 'garden-variety fraud.'" *Fox ex rel. Fox v. Elk Run Coal Co.*, 739 F.3d 131, 135 (4th Cir. 2014) (quoting *George P. Reintjes Co. v. Riley Stoker Corp.*, 71 F.3d 44, 48 (1st Cir. 1995)). Fraud on the court not only must "involve an intentional plot to deceive the judiciary, but it must also touch on the public interest in a way that fraud between individual parties generally does not." *Id.* at 136. The U.S. Court of Appeals for the Fourth Circuit has held that fraud on the court is a "nebulous concept" that "should be construed very narrowly." *Id.* (quoting *Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters*, 675 F.2d 1349, 1356 (4th Cir. 1982)). The court has emphasized that "the doctrine is limited to situations such as 'bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged.'" *Id.* (quoting *Great Coastal Express*, 675 F.2d at 1356). The doctrine "involves 'corruption of the judicial process itself,'" and it thus "cannot support allegations involving a 'routine evidentiary conflict.'" *Id.* (quoting *Cleveland Demolition Co. v. Azcon Scrap Corp.*, 827 F.2d 984, 986 (4th Cir. 1987)). Anglo's allegation that the defendants submitted a false affidavit of service does not state a viable fraud on the court claim. This allegation is essentially a dispute over whether Anglo was actually and

6

properly served. Such routine evidentiary conflicts do not rise to the level of fraud on the court. Anglo does not allege "an intentional plot to deceive the judiciary," and his claim does not "touch on the public interest in a way that fraud between individual parties generally does not." *Id.*

If Anglo is alleging the defendants defrauded him, his claim fares no better. "'Fraud between parties' would not be fraud on the court, 'even if it involves [p]erjury by a party or a witness.'" *Id.* (quoting *In re Genesys Data Tech., Inc.*, 204 F.3d 124, 130 (4th Cir. 2000)). Thus, Anglo has failed to state a claim for fraud on the court. This claim is dismissed with prejudice.

In Count 4 of his amended complaint, Anglo asserts an abuse of process claim. To state an abuse of process claim under Maryland law, a plaintiff must allege: (1) "an ulterior purpose"; and (2) "a wilful act in the use of the process not proper in the regular conduct of the proceeding." *Att'y Grievance Comm'n of Md. v. Roberts*, 904 A.2d 557, 571 (Md. 2006) (quoting *Palmer Ford, Inc. v. Wood*, 471 A.2d 297, 311 (Md. 1984)). "[T]here is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." *Id.* (quoting *Palmer Ford*, 471 A.2d at 311). Reading his allegations generously, Anglo alleges, at most, that Midland filed a false affidavit with a court in the course of litigation with bad intentions. That is insufficient to state an abuse of process claim. This claim is dismissed without prejudice.

### B. Anglo's motion for sanctions

Anglo filed a motion for sanctions under Federal Rules of Civil Procedure 11 and 37, claiming that the defendants' filing of the fraudulent affidavit in the state court action is part of a "well-documented industry pattern" and is sanctionable conduct. ECF 26, at 2. Anglo also claims that the defendants "have used repeated, unclear filings and avoided timely and honest responses, undermining judicial efficiency and fairness." *Id.*

>Federal Rule of Civil Procedure 11(b) states:
>
>(b) **Representations to the Court**. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>>(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>>(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>>(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>>(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). A court may "impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Any motion for sanctions "must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2).

Anglo has not alleged that the defendants engaged in any conduct that violates Rule 11(b). First, the defendants' alleged filing of a fraudulent affidavit in the state court action is not sanctionable conduct because it was not a representation to the Court in this case. Second, Anglo's vague description of the defendants' alleged misconduct in this case—that they "have used repeated, unclear filings and avoided timely and honest responses"—does not rise to the level of specificity required for Rule 11 sanctions.

Anglo also has not alleged that the defendants engaged in any conduct that violates Rule 37. Rule 37 generally governs sanctions for failure to make disclosures or cooperate in discovery, *see* Fed. R. Civ. P. 37, but the parties have not made disclosures or engaged in discovery in this

case. Thus, the defendants have not engaged in sanctionable conduct under Rule 37. Anglo's motion for sanctions is denied.

### IV.     Conclusion

The defendants' motion to dismiss the amended complaint is granted. Count 1, the FDCPA claim, and Count 3, the fraud on the court claim, are dismissed with prejudice. Count 2, the FCRA claim, and Count 4, the abuse of process claim, are dismissed without prejudice. Anglo's motion for sanctions is denied. A separate Order follows.

December 5, 2025
Date

_____
Deborah L. Boardman
United States District Judge